UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RONALD HARDMAN, <br> KATHARINA LEWMAN, <br><br> Plaintiffs, <br><br> v. <br><br> MERRICK GARLAND In his official capacity as Attorney General of the United States, <br> ALEJANDRO MAYORKAS In his official capacity as Secretary of the Department of Homeland Security, <br> UR JADDOU In her official capacity as Director of the U.S. Citizenship and Immigration Services, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 1:23-cv-01321-JPH-MKK <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

After Ronald Hardman married Katharina Lewman, they filed petitions to adjust Mr. Hardman's immigration status. The United States Citizenship and Immigration Services ("USCIS") denied those petitions because it determined that Mr. Hardman had previously entered a marriage, to his ex-wife Marsha Ney, to circumvent U.S. immigration laws. Mr. Hardman and Ms. Lewman brought this case alleging that USCIS improperly determined that Mr. Hardman's previous marriage to Ms. Ney was fraudulent. Dkt. 1. Defendants seek summary judgment, arguing that USCIS's decision to deny Plaintiffs' I-130 petition was based on substantial evidence and was not arbitrary and capricious. Dkt. [37]. For the reasons below, that motion is **GRANTED**.

# I.
# Facts and Background

In cases brought under the Administrative Procedure Act (APA), the Court is generally "confined to the administrative record." *Little Company of Mary Hosp. v. Sebelius*, 587 F.3d 849, 856 (7th Cir. 2009). The following facts from the administrative record are undisputed.

Mr. Hardman entered the United States as a nonimmigrant exchange visitor on a J-1 visa in April of 2013. Dkt 39-8 at 122; dkt. 42 at 1. Mr. Hardman met Marsha Ney, a U.S. citizen, on an online dating site; they met in person in July 2013 and married in August 2013. Dkt 39-2 at 2; dkt. 39-3 at 173; dkt. 42 at 1.

In the spring of 2014, Ms. Ney filed an I-130 Petition for Alien Relative on Mr. Hardman's behalf. Dkt. 39-2 at 85; dkt 42 at 2. USCIS investigated this petition, including by conducting field visits. Dkt. 39-1 at 227. At these visits, Ms. Ney's ex-husband and several neighbors said that Ms. Ney had been living with her ex-husband—rather than Mr. Hardman—for two years, and one neighbor said that Ms. Ney had married Mr. Hardman so he could become a U.S. citizen. *Id.*; dkt 42 at 12[1]. In February 2016, USCIS issued a Notice of Intention to Deny ("NOID") because "it appear[ed] that [Ms. Ney and Mr. Hardman] entered into a marriage arrangement in order to circumvent the immigration laws of the United States." Dkt. 39-1 at 226–230; *see* dkt. 42 at 2.

---

[1] Plaintiffs challenge the truth of these statements, but do not dispute that they were made. *See* dkt. 42 at 8.

Mr. Hardman and Ms. Ney divorced in May 2016. Dkt. 39-1 at 98; *see* dkt. 42 at 2. About three weeks later, on May 25, 2016, Mr. Hardman married Katharina Lewman, a U.S. citizen. Dkt. 39-10 at 194; dkt. 42 at 2. Ms. Lewman filed an I-130 on behalf of Mr. Hardman in early 2017. Dkt. 39-8 at 178; dkt. 42 at 2. USCIS then issued a NOID on August 6, 2018, finding that Mr. Hardman had previously married Ms. Ney "for the sole purpose of obtaining immigration benefits," so Section 204(c) of the INA prohibited USCIS from approving the subsequent I-130. Dkt. 39-4 at 208–10. Ms. Lewman responded to this NOID with affidavits and documentation to explain the circumstances of the first marriage. Dkt. 39-8 at 194–200; dkt. 39-9 at 1–2. USCIS reopened the I-130 and issued a new NOID on May 15, 2023, again concluding that Mr. Hardman's prior fraudulent marriage to Ms. Ney barred USCIS from approving the I-130. Dkt. 39-1 at 21–26.[2] In June 2023, USCIS issued a decision denying Ms. Lewman and Mr. Hardman's I-130 petition under Section 204(c) of the INA. Dkt. 39-3 at 25–31; dkt 42 at 3.

Mr. Hardman and Ms. Lewman then brought this case under the APA alleging that the denial of the I-130 was arbitrary and capricious. Dkt. 1 at 3; 5 USC §701 et. seq.[3] Defendants moved for summary judgment. Dkt. 37.

---

[2] In June 2022—after Ms. Lewman provided additional evidence, but before USCIS issued its new NOID—Mr. Hardman and Ms. Lewman brought an APA claim in this district, which was voluntarily dismissed after USCIS re-opened the I-130. No. 1:22-cv-01243-JMS-MPB, dkt. 1 at 7-9; dkt. 38.

[3] The parties agree that Plaintiffs' claim is properly brought under the APA because the denial of an I-130 is not a discretionary agency decision and Mr. Hardman is not yet subject to a removal order. Dkt. 39 at 8–9; *see Fliger v. Nielson*, 743 Fed. Appx. 684, 687 (7th Cir. 2018).

## II.
## Applicable Law

The APA "sets forth the procedures by which federal agencies are accountable to the public and their actions subject to review by the courts." *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.,* 591 U.S. 1, 16 (2020). The APA "requires agencies to engage in reasoned decisionmaking," and "directs that agency actions be 'set aside' if they are 'arbitrary' or 'capricious.'" *Id.* (quoting 5 U.S.C. § 706(2)(A)).

"Arbitrary and capricious" review is narrow, and the court may not substitute its judgment for the agency's. *See id.* Reviewing courts are "instead to assess only whether the decision was based on a consideration of the relevant factors and whether there has been a clear error in judgment." *Id.*

## III.
## Analysis

### A. The Administrative Record

In opposing summary judgment, Plaintiffs provide and rely on additional evidence, much of which is outside the administrative record. Dkt. 42; *see* dkts. 42-1 through 42-14. Defendants respond that extra-record evidence is inappropriate in this APA case, so the Court should not consider it. Dkt. 43 at 3–4. Plaintiffs argue in a surreply that their new evidence should be considered because the administrative record is incomplete. Dkt. 44 at 3.

Review of an agency's decision under the APA is generally confined to the administrative record. *Little Company of Mary Hosp.,* 587 F.3d at 856. This rule "rests on practical considerations that deserve respect. Administrative

agencies deal with technical questions, and it is imprudent for the generalist judges of the federal district courts and courts of appeals to consider testimonial and documentary evidence bearing on those questions unless the evidence has first been presented to and considered by the agency." *Cronin v. U.S. Dept. of Agriculture*, 919 F.2d 439, 444 (7th Cir. 1990).  There is "an exception to this general rule when discovery is . . . necessary to create a record without which the challenge to the agency's action cannot be evaluated." *Little Company of Mary Hosp.*, 587 F.3d at 856.  "However, [the Seventh Circuit] has rarely found this exception to apply and has generally upheld the rule that review of an administrative decision should be confined to the administrative record." *Id.*

Here, Plaintiffs' exhibits A-D, H, L, and M were all executed after USCIS denied their I-130 petition in June 2023.  Dkt. 42 at 17-26, 30-31, 64-67; dkt. 39-3 at 25.  Exhibits F and I are public information from a USCIS webpage and a 2004 letter explaining what was considered a legally valid marriage at that time.  Dkt. 42 at 28, 33-40.  The remaining exhibits are either public web pages or documents already in the administrative record.  None of these indicate that USCIS has not provided the full administrative record or that the record is inadequate for review of the agency's decision under the APA.  *See Cronin*, 919 F.2d at 444.

Moreover, Plaintiffs had an opportunity to address any insufficiency of the record when they submitted affidavits in response to the August 2018 NOID.  Dkt. 39-8 at 194-200, dkt. 39-9 at 1-2.  In fact, USCIS previously

5

reopened Plaintiffs' I-130 application in response to Plaintiffs' submitted materials after they initially sought APA review in this district. Dkt. 39-8 at 15.

Plaintiffs therefore have not shown that the inadequate-record exception applies, so the Court "is confined to the administrative record." *Little Company of Mary Hosp.*, 587 F.3d at 856; *accord Citizens for Appropriate Rural Rds. v. Foxx,* 815 F.3d 1068, 1081–82 (7th Cir. 2016).

### B. Bona Fide Marriage

Under 8 U.S.C. § 1154(c), USCIS cannot approve an immigration petition "if an alien has received (or tried to receive) immigration benefits through a sham marriage." *Ogbolumani v. Napolitano*, 557 F.3d 729, 733 (7th Cir. 2009); *accord* 8 C.F.R. § 204.2(a)(1)(ii). When evaluating whether a marriage is bona fide, USCIS looks at whether the parties "ha[d] undertaken to establish a life together and assume certain duties and obligations." *See Smith v. Garland*, 103 F.4th 1244, 1252 (7th Cir. 2024). "The agency and courts look to both the period before and after the marriage when assessing the couple's intent at the time of the marriage." *Id.* (quoting *Surganova v. Holder*, 612 F.3d 901, 904 (7th Cir. 2010)).

USCIS determined that Mr. Hardman married Ms. Ney for immigration benefits and denied Ms. Ney's initial I-130 on that basis. Dkt. 39-1 at 226. After that determination, USCIS denied Ms. Lewman's subsequent I-130 application because aliens who had previously entered a marriage to circumvent immigration laws are ineligible for immigration status adjustment. Dkt. 39-4 at 208. Defendants argue that this denial was not arbitrary and

6

capricious because USCIS had substantial circumstantial evidence supporting its determination that Mr. Hardman and Ms. Ney's marriage was fraudulent, and that determination required USCIS to deny Ms. Lewman's I-130. Dkt. 39 at 12. Plaintiff responds that USCIS failed to take other factors into account and claim that USCIS relied solely on unreliable testimony. Dkt. 42 at 12-13.

Defendants based their determination on substantial circumstantial evidence that Mr. Hardman and Ms. Ney's marriage was fraudulent. The USCIS field investigation indicated that Ms. Ney had been living with her ex-husband for two years, including before she filed the I-130 petition. Dkts. 39-3 at 19-20, 39-1 at 227. And Mr. Hardman was living with Janet Kempf while that I-130 petition was pending. Dkt. 39-3 at 19-20. While Mr. Hardman denied being in a romantic relation with Ms. Kempf, she told USCIS that she had been dating Mr. Hardman while he lived with her. *Id.* at 20.

In addition to the statements from Ms. Ney's neighbors contradicting Ms. Ney's and Mr. Hardman's representations about living together, one of Ms. Ney's neighbors said that Ms. Ney had married Mr. Hardman to help him get citizenship. Dkt. 39-3 at 20. And USCIS determined that Ms. Ney undermined her credibility by providing false testimony when she indicated that she was still living in a marital union with Mr. Hardman when she was instead living with her ex-husband and Mr. Hardman was living with Ms. Kempf. *Id.* at 22.

Nevertheless, Plaintiffs argue that USCIS relied on the wrong evidence and disregarded relevant evidence. Dkt. 42 at 10. But the APA requires only that the path to the agency's decision can be "reasonably discerned." *See*

*Sierra Club v. United States EPA*, 774 F.3d 383, 393 (7th Cir. 2014). Even if Plaintiffs provide an alternative method of interpreting evidence in the administrative record, this does not undermine the reasonableness of the USCIS's determination. Dkt. 39-1 at 15. The Court may not "substitute its judgment for the agency's," and must defer to the agency's weighing of evidence that was before it. *Regents of the Univ. of Cal.*, 591 U.S. at 65; *see Ogbolumani*, 557 F.3d 729, 733 ("It's not enough that [a court] might have reached a different conclusion; so long as a reasonable mind could find adequate support for the decision, it must stand.").

Plaintiffs' remaining arguments cannot change that conclusion. They argue that USCIS failed to address that Mr. Hardman bought a washer and dryer for Ms. Ney's daughter and that Mr. Hardman and Ms. Ney attempted to buy a house together. Dkt. 42 at 12. USCIS addressed the affidavits about those claims in its May 2023 NOID, explaining that they did not meet USCIS's evidentiary standards. Dkt. 39-1 at 24-26. USCIS also found that these affidavits had diminished evidentiary value because Ms. Ney had knowingly provided false sworn testimony about the marriage in 2015. *Id.* That weighing of the evidence is both "reasonable and reasonably explained." *See Regents of the Univ. Of Cal.*, 591 U.S. at 65; *see also* dkt. 39-1 at 24-26.

Plaintiffs also argue that USCIS failed to consider that Mr. Hardman's life insurance policy listed Ms. Ney as a beneficiary. Dkt. 42 at 12. However, Mr. Hardman's life insurance beneficiary designation is within the record provided by USCIS, dkt. 39-7 at 108, and "[f]ailure to mention is not failure to consider"

under the APA. *Smith*, 103 F.4th at 1253. Nor have Plaintiffs shown how this life insurance policy would make the USCIS's judgment unreasonable. Instead, "the contention that the agencies failed to consider certain evidence is a quibble with how the agencies weighed the evidence" and the Court "cannot reweigh the agencies' own balancing of the evidence." *Id.*

Next, Plaintiffs contend that the agency failed to consider the validity of Mr. Hardman's and Ms. Ney's marriage under Indiana law. Dkt. 42 at 6. "The test for a bona fide marriage," however, does not turn on a valid state marriage license but asks whether, "at the inception of the marriage, the two parties have undertaken to establish a life together and assume certain duties and obligations." *Smith*, 103 F.4th at 1252. The case that Plaintiffs cite in support of this argument involved USCIS's incorrect determination that a marriage was invalid under Virginia law, but it does not support their argument here since USCIS made no similar determination in this case. *See Faiza Ambreen v. Garland*, 746 F. Supp. 3d 266, 269, 271–72 (E.D. Va. 2024).

Last, Plaintiffs argue that Mr. Hardman would have no incentive to want immigration benefits because he already had legal resident status as a J-1 visitor, which could be extended. Dkt. 42 at 12. But even if that's true, Mr. Hardman has not explained how it would undermine the agency's decision under the APA standard of review. In the end, USCIS's path to its decision can be "reasonably discerned," so its decision was not "arbitrary and capricious"

9

under the deferential APA standard.[4]  *See Sierra Club,* 774 F.3d at 393; *Smith,* 103 F.4th at 1254.

## IV.
## Conclusion

Defendants' motion for summary judgment is **GRANTED**.  Dkt. [37]. Final judgment will issue in a separate entry

**SO ORDERED.**

Date: 8/6/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel

---

[4] Because the government is entitled to summary judgment, the court does not need to address the parties' argument about whether Plaintiffs' motion was improperly filed as a cross-motion for summary judgment.